# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL UTT,

    Plaintiff(s),

v.

MATTHEW HILLEGASS,

    Defendant(s).

Case No.: 2:17-cv-02820-RFB-CWH

**Order**

"Just as an attorney who always practices in state court is expected to know the rules of administration and operation particular to that court, we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court." *Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998).

Plaintiff's attorneys (David Sampson and Preston Rezaee) have failed to meet that basic expectation, a shortcoming that culminated in the settlement conference held by the undersigned on August 28, 2018. In particular, the Court expressly ordered that "[a]ll counsel of record who will be participating in the trial" must appear, Docket No. 44 at 1, but Mr. Sampson did not appear in violation of the Court's order and the governing rules of this Court, *see, e.g.*, Fed. R. Civ. P. 16(f)(1)(A).

Making matters worse, Mr. Rezaee appeared at the settlement conference on Plaintiff's behalf and was unfamiliar with basic information in the case, including the previous settlement discussions between the parties.[1] Mr. Rezaee presented an initial settlement offer that was ten

---

[1] Mr. Rezaee's lack of knowledge is particularly puzzling since he was copied on email exchanges in which some of those discussions occurred. *See* Docket No. 58.

1

times the amount of an offer emailed to opposing counsel last month. Hence, Mr. Rezaee's appearance at the settlement conference resulted in a violation of the requirement to be properly prepared and to participate in good faith. Fed. R. Civ. P. 16(f)(1)(B); *see also* Docket No. 44 at 3 (order reminding counsel that they "**must be substantially prepared to meaningfully participate in the Settlement Conference in good faith**" (emphasis in original)).[2]

Given the above, the Court ordered Mr. Sampson and Mr. Rezaee to show cause why they should not be sanctioned. *See* Docket No. 54.[3] In light of the circumstances of this case, the Court declines to impose monetary sanctions on counsel. Nonetheless, the Court reiterates that Mr. Sampson and Mr. Rezaee must familiarize themselves with the rules governing practice in this Court and must comply with all orders. Mr. Sampson and Mr. Rezaee are both **CAUTIONED** for not doing so in this case, and must ensure that they do so in the future. In all other respects, the order to show cause is **DISCHARGED**.

IT IS SO ORDERED.

Dated: September 11, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] These are not isolated incidents. For example, Mr. Sampson telephoned chambers on August 10, 2018, inquiring whether he was still required to respond to the order to show cause. The local rules prohibit such *ex parte* communications. Local Rule IA 7-2(b).

[3] After issuance of the order to show cause, the parties filed a stipulation of dismissal that was granted. *See* Docket Nos. 59, 60. The dismissal of the case does not divest the Court of jurisdiction to address the issues presented in the order to show cause. *Cf. United Energy Owners Cmte. v. U.S. Energy Mgmt. Sys.*, 837 F.2d 356, 358 (9th Cir. 1988); *Gfeller v. Doyne Med. Clinic, Inc.*, 2015 WL 5210392, at *9 n.13 (D. Nev. Sept. 3, 2015). To alleviate any potential concern that the confidential information provided to the undersigned during the settlement conference might in some way impact future rulings in this case, the undersigned recused from any further matters in this case other than those presented in the order to show cause arising out of the settlement conference. *See* Docket No. 55; *see also Gfeller*, 2015 WL 5210392, at *8 (addressing similar procedure governing the early neutral evaluation process). Accordingly, the order to show cause remains pending before the undersigned at this time.